## CAYETANO LUNA v. THE STATE.

### No. 3788. Decided November 3, 1915.

**1.—Misdemeanor Theft—Statement of Facts—Bills of Exception.**

Where the alleged bills of exception and statement of facts were filed after the adjournment of the County Court, and without an order therefor, they can not be considered on appeal.

**2.—Same—Misconduct of Jury—Verdict by Lot.**

Where it was not shown that the jury, before they added up and divided the number of months, bound themselves to stand by this quotient, there was no error in overruling a motion for new trial on that ground.

Appeal from the County Court of Brooks. Tried below before the Hon. J. A. Brooks.

Appeal from a conviction of petty theft; penalty, a fine of $50 and six months confinement in the county jail.

The opinion states the case.

*J. W. Wilson,* for appellant.—On question of verdict by lot: Good v. State, 66 S. W. Rep., 1099; Wood v. State, 13 Texas Crim. App., 135.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted for the theft of a gun, the allegation being that the gun was worth $15.

The statement of facts and bills of exception can not be considered. They were filed after adjournment of the court and without an order entered for that purpose, therefore they will not be noticed in the disposition of the case. This about disposes of the record and questions presented in it. There is one question that perhaps we might notice, that is, the misconduct of the jury, or rather the fact that the jury determined their verdict by lot. This is set out in a bill of exceptions, but it is also made a part of the motion for a new trial, with appended affidavits. The affidavits show that after the jury retired to consider their verdict they had not agreed or determined among themselves exactly the length of imprisonment in the county jail. To settle this they agreed among themselves to put down what each juror thought was right, add it up, and divide by six. This brought seven and one-half months as the punishment. After discussing the matter a while they concluded not to follow this, but decided they would give appellant six months in the county jail, and so wrote their verdict. It is not shown that the jury, before they added up and divided the number of months, bound themselves to stand by this verdict or quotient. Instead of giving appellant seven and one-half months, they finally, after discussion, agreed to give him six months. We notice this because it may be it should be considered independent of the bill of exceptions on account of the affidavits attached to the motion for new trial. But as presented there is shown no error from any viewpoint. The judgment will be affirmed.

*Affirmed.*